FILED BY _____ D.C.

NOV 07 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No.: 1:20-CR-20051-BB(2) |
| V. | |
| RAFAEL CAMPOS-MARTINEZ | Honorable : Bloom |

## MOTION FOR REDUCTION OF SENTENCE PURSUANT TO
## 18 U.S.C. §3582(c)(2) AMENDMENT 821, 1B1.10, AND §3553(A) FACTORS,
## ALSO APPOINTMENT OF COUNSEL

Now comes Petitioner, rafael Campos-Martinez, through paralegal assistance respectfully submits the foregoing motion, thus request that this Honorable Court issue an order for appointment of counsel and/or grant Petitioner's motion for a reduction of sentence pursuant to 18 U.S.C. Section §3582(c)(2) Amendment 821; 1B1.10; §3553(a) factors, among other reasons, in light of the United States Sentencing Commission new guideline amendment effective November 1, 2023.

### FACTUAL BACKGROUND

On or about 6/1/2019 Petitioner was indicted and charged with violations of Title 21:963 attempt and conspiracy Title 21:963 conspiracy to distribute cocaine knowing and intending that it would be imported into the United States (Count 1). Several months later Petitioner plead guilty to the indictment. Thereafter, Petitioner appeared before this Court on or about 6/17/2022 and was sentenced to 95 months imprisonment and a 2 year term of supervision, along with a $100.00 felony assess.

## LEGAL STANDARD

A federal court generally "may not modify a term of imprisonment once it has been imposed".  Dillion v. U.S., 560 U.S. 817, 819, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (quoting 18 U.,S.C. §3582(C)).  "Congress has provided an exception to that rule" in th case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  Id.  (Quoting 18 U.S.C. §3582(c) (2)):

> "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. Section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identiry "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing."  See Dillion v. United States, 560 U.S. 817, 826, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010).

<u>ARGUMENTS</u>

PETITIONER IS ELIGIBLE FOR A REDUCTION UNDER §3582(c)(2) AMENDMENT 821

(PART B), 1B1.10, ALONG WITH THE §3583(A) FACTORS

Pursuant to §3582(c)(2), "a court may then grant a reduction within the amended guidelines range when it determines that one is warranted after considering the factors set forth in section 3553(a) to the extent that they are applicable." Id. Thus, the statute establishes a two-step inquiry that must be followed: 1) a court must determine that a reduction is consistent with §1B1.10, and 2) the court must then consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in §3553(a). Id. at 826.

At step one, the statute requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for sentence modification and the extent of the reduction authorized. Id. at 827. Specifically, the court must begin by "...determin[ing] the amended guideline range that would have been applicable to the defendant..." had the relevant amendment been in effect at the time of the initial sentencing. Id (quoting 18 U.S.C. §3582(c)(2)). Courts generally may not reduce the defendant's term of imprisonment to a term that is less than the minimum of the amendment guideline range produced by the substitution. §1B1.10(b)(2)(A). If the sentencing court originally imposed a term of imprisonment below the guidelines range, only then is the court authorized to impose a term "comparably" below the amended range. Dillion, 560 U.S. at 827.

First, the prison must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission". United States v. Taylor, 815 F.3d 248, 250 (6th Cir. 2016) (quoting Id.) Second, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Taylor,

815 F.3d at 250 (quoting §3582(c)(2)).  USSG §1B1.10 contains the Sentencing Commission's policy statements.  See USSG §1B1.10(a)(1) (stating that a reduction shall be consistent wiht the policy statements).

In determining whether a reduction is consistent with USSG §1B1.10, the court first calculates "by what amount" a prisoner's sentence "may be reduced" 28 U.S.C. §994(u), see Dillon v. United States, 560 U.S. 817, 826-27, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010).  In doing so, it identifies the amended guidelines range and it substitutes this guidelines range for the original guidelines range.  Billon, 560 U.S. at 827, U.S.S.G. §1B1.10(b)(1).

If a reduction is consistent with USSG §1B1.10, the court must then shift its attention to any applicable factors under 18 U,S,C, §3553(a).  Thus, this court may consider the Petitioner's post-sentencing conduct in determining whether he is entitled to a reduction under §3582(c)(2), see USSG §1B1.10 cmt. n.1b(iii) providing that courts "may consider post-sentencing conduct of the defendant".  See Pepper v. United States, 562 U.S. 476, 487-93, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011).

At the second step of the inquiry, the court must then consider any applicable factors set forth in §3553(a) and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case".  Id.  Section 3553(a) provides that a "court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subjection", and it enumerates several courts shall consider "in determining an appropriate sentence, including the nature and circumstances of the offense and the history and characteristics of the defendant".  18 U.S.C. §3553(a)(1).  See also Dillon, 560 U.S. at FN2.  Wih the direction outlined by the Supreme Court and subsequent Sixth Circuit decisions, this Court strictly follows Dillon's two-

step analysis and reviews each motion on a case-by-case basis.

A court has "the discretion to grant downward departures".  Thus, a court may consider the Petitioner's post-sentencing conduct in determining whether he is entitled to a reduction under §3582(c)(2).  See USSG §1B1.10 cmt. n.1(B)(iii) (providing that courts "may consider post-sentencing conduct of the defendant").  See Pepper v. United States, 562 U.S. 476, 487-93, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011).  Also see Concepcion v. United States, 597 U.S. (S.Ct. 6/27/2022).  In the case at hand, this court should echo these rulings.

## TOTALITY OF THE CIRCUMSTANCES WARRANT A SENTENCING REDUCTION

Additional reasons why Petitioner is seeking a reduction from his unreasonable sentence imposed upon him because the sentence that Petitioner received yesterday would have been different today based on intervening changes in the laws and the Justice Department's new policy, along with other reasons for seeking a reduction. Thus, this court should consider the guidelines as an advisory starting point in imposing a sentence, but a court may impose a different sentence if §3553(a) factors suggest the guidelines range is inappropriate. In addition, see intervening changes in the law. United States Supreme Court ruling Concepcion v. United States, 597 U.S. S.Ct. 6/27/2022). Also United States Attorney General Merrick Garland memorandum issued December 16, 2022. This accompany memorandum issued today provides additional specific policies, regarding changes in sentencing pertaining to drug cases.

As this court is well aware of the United States Supreme Court in the consolidated cases United States v. Booker, and United States v. Fanfan, 1255 Ct. 738 (2005) ruled that the language in the sentencing reform act making the sentencing guidelines mandatory was to be stricken. Thus, in the word of the Court became effectively advisory in all cases, Id. at 757. The guidelines are now just one factor among several that sentencing courts are required to consider in imposing a sentence that is sufficient but not greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a)(2). Also see Hughes v. United States, 138 S.Ct. 1765, 1772 (2018).

According to 18 U.S.C. §3553(a)(2), the four purposes of sentencing are retribution, deterrence, incapacitation, and rehabilitation. In determining the sentence minimally sufficient to comply with the §3553(a)(2) purposes in sentencing the court must consider several factors listed in §3553(a).

These are (1) "The nature and circumstances of the offense and the history and characteristics of the defendant; (2) "the kinds of sentencing available"; (3) the guidelines and policy statements issued by the sentencing commission including the (now advisory) guideline range; (4) the need to avoid unwarranted sentencing disparity; and (5) the need to provide restitution where applicable 18 U.S.C. §3553(a)(1-5).

The primary direction in §3553(a)(2) states that such purposes are: to reflect the seriousness of the offense, the promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider; (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (3) the kinds of sentences available; (6) the need to avoid unwarranted sentencing dispartities among defendants with similar records who have been found guilty of similar conduct.  The directive of Booker and §3553(a) make clear that courts may no longer uncritically apply the guidelines.  See Hughes v. United States, 138 S.Ct. 1765, 1772 (2018).  The U.S. Supreme Court rule in Pepper v. United States, No. 09-6822 March 2, 2011, held that a defendant may rely on the defendant's efforts at rehabilitation following the initial sentencing as a basis to varying downward from the range recommended by the United States Sentencing guidelines.  In the case at bar, this court should echo these rulings in Petitioner's case.

The U.S. Supreme Court further ruled in Pepper v. United States, under the Federal Sentencing Guidelines, courts can consider the defendant's age, U.S.S.G. §5H1.1; his education and vocational skills §5H1.2; his mental and

emotional condition, §5H1.3; his physical condition including drug or alcohol
dependency; §5H1.4; his employment record, §5H1.5; his family ties and resp-
onsibilities, §51H1.6; his socio-economic record, §5H1.10; his civic and mil-
itary entributions §5H1.15; and his lack of guidance as a youth, §5H1.12.  The
guidelines when considering these factors can be squared with the §3553(a)(1)
factors requirement that the court and this office alone will evaluate the
"history and characteristics" of the defendant.  This court can now evaluate
all aspects of a defendant's history.  Thus in cases which a defendant's his-
tory and characteristics are positive, such as Petitioner's considerations
of all of the §3553(a) factors will call for a sentencing outside the guide-
lines warranting a reduction of Petitioner's sentence.  Also see Concepcion
v. United States, 597 U.S. (S.Ct. 6/7/2022).

A proper analysis of Petitioner's characteristics, the nature of the
instant offense, and the potential range of sentences available to the court,
indicates that an appropriate sentence could have been fashioned below the
guidelines, the arbitrary sentencing of Petitioner was unreasonable.  Thus,
if this court finds that the sentence called for by the new advisory sentence
guidelines is greater than necessary to comply with the purposes of sentencing
§3553(a) would seem to require this court to impose more lenient sentence or
at least give this court the authority and discretion to do so.  Moreover,
the appropriate remedy would before this court to take into consideration the
recent decisions intervening changes in the laws, the First Step Act, in
reviewing Petitioner's sentence for consideration of a reduction of senten-
cing along with the §3553(a) factors.

Petitioner has responded to his incarceration extremely well by positively
contributing and working in several classes.  In fact, Petitioner has done all
in his power to further himself while in custody.  Petitioner is very deter-
mined to continue with his education and make himself a productive member of

society.  Petitioner still maintains a wonderful relationship with his family members wioth tremendous self-improvement and his understanding of "how significant it is for him to maintain good character and be a positive influence to others and his family.  It is submitted that he could be a positive influence to others and to his family.  It is submitted that he could be a positive influence to the community.  Thus the only purpose served by further incarceration would be retribution.  Whatever value that may have been for outweighed by the other sentencing factors.  Thus Petitioner has accomplished a post-sentence rehabilitation that would support a reduction of his sentence.

When considering the totality of the circumstances, these are strong mitigating factors that this court should give consideration when commuting Petitioner's sentence.  It is respectfully submitted that when considering what Petitioner has done to rectify the harm that he has caused society along with his significant progress in rehabilitation, combined with all the other §3553(a) factors, such as his family ties and responsibilities, evaluate the history and characteristics of Petitioner.

Therefore, such a sentence, as opposed to the draconian guidelines range is sufficient but not greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a)(2).  Petitioner's mandatory minimum and guidelines sentence was greater than necessary to achieve the purposes of sentencing set forth in the §3553(a) factors, See Exhibits A, B, C

<u>ARGUMENT</u>

THE INTEREST OF JUSTICE REQUIRES APPOINTMENT OF COUNSEL

In any situation where new laws stemming from prior laws and new evidence or facts have to be marshaled and new arguments have to be made in aid of the court's sentencing decision, the Sixth Amendment requires the assistance of counsel, see <u>Mempa v. Rhay</u>, 389 U.S. 128 (1967). In <u>Mempa</u>, the Supreme Court held that the right to counsel attaches to any stage of a criminal proceeding where substantial rights of the defendant may be affected, including hearings. To the extent such recommendations are influential in determining the resulting sentence, the necessity for the aid of counsel in marshaling the facts, introducing evidence of mitigating circumstances, and in general aiding and assisting the Petitioner to present his case is apparant. District Courts have discretion to decide whether to appoint counsel at any stage of the pro-ceedings pursuant to the Criminal Justice Act, Title 18 U.S.C. §§ 3006A(a)(1) and (c), also other statutes.

On April 27, 2023, the Commission submitted to the Congress amendments to the sentencing guidelines, policy statements official commentary, and statutory index, which becomes effective on November 1, 2023 unless Congress acts to the contrary. See 88 FR 28254 (May 3, 2023), Parts A and B Subpart 1 of Amendment 821 (Amendment 8 of the amendments submitted to Congress on April 27, 2023) pertaining to criminal history, have the effect of lowering guide-line ranges for certain defendants. The Commission has now promulgated an amendment to include Parts A and B, Subpart 1 of Amendment 821 in the listing in §1B1.10(d) as an amendment also provides a special instruction requiring that any order granting sentence reductions based on Part A or Part B, Subpart 1 of Amendment 821 shall not take effect until February 1, 2024, or later, and includes commentary explaining and clarifying this special instruction.

Defense counsel is necessary to aid in arguing Petitioner claims and

also calculating the revised guideline range and marshaling the facts and evidence that pertain to these arguments and the applicable §3553(a) factors. Counsel is needed to defend against any of the government allegations that hinder Petitioner's ability to gain relief on these arguments presented in his §3582(c) motion.

The appointment of counsel is needed to assist Petitioner in presenting his motion, to this court properly and marshal new fact-based arguments to utilize the United States Sentencing Commission recent significant changes to the guidelines regarding retroactive application of Parts A and B Subpart 1 of Amendment 821 (Amendment B of the amendments submitted to Congress on April 27, 2023, pertaining to criminal history). Thus, the effective date of this amendment is November 1, 2023. As it relates to inmates filing motions pursuant to 18 U.S.C. 3582(c)(2) and U.S.S.G. 1B1.10. Thus these important U.S.S.G. changes must be raised and argued under a §3582(c) motion before this Honorable Court at a hearing or they will be completely lost, including the right to appeal the sentence imposed and the right to be resentenced under an advisotry guideline. Potential losses of legal rights and prejudice take on increase significance when Petitioner's legal arguments are not heard by this Honorable Court or counsel isn't appointment to represent Petitioner to present those issues to this Court for correction. At the very least, defense counsel can ensure a smoother process for a Section §3582(c)(2) hearing and resentencing and remind the court of the numerous arguments, issues, and §3553(a) factors furthered by appointment counsel! Since the government cannot negotiate directly with a defendant, appointment of counsel is warranted in Petitioner's case. See Italbert v. Michigan, 545 U.S. 605, 623 ("No one questions that the appointment of counsel at state or government expense would be more efficient and helpful not only to defendants, but also to the courts.").

Indigent défendants seeking relief may petitioner the court to appoint counsel to represent them.  Courts may exercise their broad discretion to appoint counsel when the defendant presents a non-fribolous claim and if the appointment of counsel will benefit the defendant and the court.  May circuits require a finding by the court that the Defendant's claim is plausible.  In determining the propriety of appointment counsel, circuit courts consider whether there are special circumstances that merit appointment, such as the legal and factual issues involved.

In making a finding of discretionary appointment of counsel pursuant to the Criminal Justice Act, Title 18 U.S.C. §§ 3006A(a)(1) and (c), the Supreme Court notied that "navigating the district and the appellate process without a lawyer's assistance is a perilous endeavor for a layperson, and well beyond the competence of individuals...who have little education, learning disabilities and mental impairments."  The same is true for those defendants, such as Petitioner, who may be forced to litigate their own §3582(c)(2) motions, which entails being conversant not only with the record at sentencing and any intervening aggravating or mitigating factors, that were never litigated, but also with the effects that the United States Sentencing Commission recent significant changes to regarding retroactive Amendment 821 sentence reduction, pursuant to 18 U.S.C. §3582(c)(2).  Interest of justice requires appointment of counsel.

CONCLUSION

For the foregoing reasons, Petitioner respectfully request that the Honorable Court issue an order for appointment of counsel and/or issue an order, thus, grant Petitioner's motion for reduction of sentence, pursuant to 18 U.S.C. Section §3582(c)(2), United States Sentencing Commission new guideline, Amendment 821, §1B1.10 and the §3553(a) factors.

Date: October 29, 2023

Respectfully submitting,

Rafael Campos Martinez

Rafael Campos-Martinez
Reg. #. 73967-509
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630

*** Prepared by Paralegal ***

## CERTIFICATE OF SERVICE

This is to certify that I have on this day under the penalty of perjury (Title 28 U.S.C. §1746) served a true and correct copy of the foregoing motion pursuant to 18 U.S.C. §3582(c)(2); Amendment 821 and §3553(a) factors. Thus, appointment of counsel which the interest of justice so requires.

Date: October 29, 2023

Respectfully submitting,

Rafael Campos-Martinez
Reg. # 73967-509
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630

*** Prepared by Paralegal ***

14

EXHIBIT-A

```
  LORBR  540*23  *            SENTENCE MONITORING         *    10-25-2023
PAGE 001           *           COMPUTATION DATA           *    11:21:20
                              AS OF 10-25-2023


REGNO..: 73967-509 NAME: CAMPOS-MARTINEZ, RAFAEL


FBI NO...........: 7D9R065K3       DATE OF BIRTH: 12-28-1986  AGE:  36
ARS1.............: LOR/A-DES
UNIT.............: 3 GP            QUARTERS.....: S03-073L
DETAINERS........: YES            NOTIFICATIONS: NO


FSA ELIGIBILITY STATUS IS: ELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 06-30-2027

FINAL STATUTORY RELEASE FOR INMATE.: 06-27-2028 VIA GCT REL
        WITH APPLIED FSA CREDITS.: 180  DAYS
THE INMATE IS PROJECTED FOR RELEASE: 12-30-2027 VIA FSA REL


----------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: FLORIDA, SOUTHERN DISTRICT
DOCKET NUMBER...................: 1:20-CR-20051-BB(2)
JUDGE...........................: BLOOM
DATE SENTENCED/PROBATION IMPOSED: 06-17-2022
DATE COMMITTED..................: 08-26-2022
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


                FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00        $00.00         $00.00        $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....:  399    21:963 ATTEMPT & CONSPIRACY
OFF/CHG: 21:963 CONSPIRACY TO DISTRIBUTE COCAINE KNOWING AND INTENDING
        THAT IT WOULD BE IMPORTED INTO THE UNITED STATES (CT1).

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    95 MONTHS
 TERM OF SUPERVISION............:     2 YEARS
 DATE OF OFFENSE................: 06-01-2019




 G0002       MORE PAGES TO FOLLOW . . .
```

```
   LORBR  540*23 *           SENTENCE MONITORING           *      10-25-2023
PAGE 002          *           COMPUTATION DATA             *      11:21:20
                                AS OF 10-25-2023
```

REGNO..: 73967-509 NAME: CAMPOS-MARTINEZ, RAFAEL


------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 09-08-2022 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 09-15-2022 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN.........: 06-17-2022
TOTAL TERM IN EFFECT...........:   95 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    7 YEARS       11 MONTHS
EARLIEST DATE OF OFFENSE........: 06-01-2019

JAIL CREDIT....................:     FROM DATE      THRU DATE
                                    09-29-2021 .   06-16-2022


TOTAL PRIOR CREDIT TIME.........: 261
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 427
TOTAL GCT EARNED................: 108
STATUTORY RELEASE DATE PROJECTED: 06-27-2028
ELDERLY OFFENDER TWO THIRDS DATE: 01-08-2027
EXPIRATION FULL TERM DATE.......: 08-28-2029
TIME SERVED....................:     2 YEARS       27 DAYS
PERCENTAGE OF FULL TERM SERVED..:  26.1
PERCENT OF STATUTORY TERM SERVED:  30.7

PROJECTED SATISFACTION DATE.....: 12-30-2027
PROJECTED SATISFACTION METHOD...: FSA REL
    WITH FSA CREDITS INCLUDED...: 180
```

G0002       MORE PAGES TO FOLLOW . . .

```
  LORBR  540*23 *              SENTENCE MONITORING        *      10-25-2023
PAGE 003 OF 003 *             COMPUTATION DATA            *      11:21:20
                              AS OF 10-25-2023
```

REGNO..: 73967-509 NAME: CAMPOS-MARTINEZ, RAFAEL


----------------------------- CURRENT DETAINERS: -----------------------------

```
DETAINER NO..: 001
DATE LODGED..: 11-10-2021
AGENCY.......: IMMIGRATION & CUSTOMS ENFORCE
AUTHORITY....: WELLS, #27788 CBP #305-526-2840 M.I.A.
CHARGES......: POSSIBLE DEPORTATION TO DOMINICAN REPUBLIC
```

G0000       TRANSACTION SUCCESSFULLY COMPLETED

```
  LORBR  542*22 *              SENTENCE MONITORING          *      10-25-2023
  PAGE 001 OF 001 *              GOOD TIME DATA             *      11:21:41
                              AS OF  10-25-2023


 REGNO...: 73967-509    NAME: CAMPOS-MARTINEZ, RAFAEL
 ARS 1...: LOR A-DES                                     PLRA
 COMPUTATION NUMBER..: 010                        PRT   ACT DT:
 LAST UPDATED:  DATE.: 09-08-2022           FACL..: DSC    CALC: AUTOMATIC
 UNIT...............: 3 GP                  QUARTERS............: S03-073L
 DATE COMP BEGINS....: 06-17-2022           COMP STATUS.........: COMPLETE
 TOTAL JAIL CREDIT...: 261                  TOTAL INOP TIME.....: 0
 CURRENT REL DT......: 07-05-2029 THU       EXPIRES FULL TERM DT: 08-28-2029
 PROJ SATISFACT DT...: 12-30-2027 THU       PROJ SATISF METHOD..: FSA REL
 ACTUAL SATISFACT DT.:                      ACTUAL SATISF METHOD:
 DAYS REMAINING......:                      FINAL PUBLC LAW DAYS:
 GED PART STATUS.....:                      DEPORT ORDER DATED..:


 ------------------------GOOD CONDUCT TIME AMOUNTS------------------------


   START      STOP      MAX  POSSIBLE TO   ACTUAL TOTALS     VESTED    VESTED
   DATE       DATE      DIS     FFT        DIS    FFT        AMOUNT    DATE
 09-29-2021  09-28-2022  54     54
 09-29-2022  09-28-2023  54    108
 09-29-2023  09-28-2024  54
 09-29-2024  09-28-2025  54
 09-29-2025  09-28-2026  54
 09-29-2026  09-28-2027  54
 09-29-2027  09-28-2028  54
 09-29-2028  08-28-2029  49


      TOTAL EARNED AMOUNT.........................................:      54
      TOTAL EARNED AND PROJECTED AMOUNT...........................:     427




 G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

EXHIBIT-B

EXHIBIT-B

# FSA Time Credit Assessment

Register Number:73967-509, Last Name:CAMPOS-MARTINEZ

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

Register Number....: 73967-509

Inmate Name

   Last.............: CAMPOS-MARTINEZ

   First............: RAFAEL

   Middle...........:

   Suffix...........:

Gender.............: MALE

Start Incarceration: 06-17-2022

Responsible Facility: LOR

Assessment Date.....: 10-25-2023

Period Start/Stop...: 08-26-2022 to 10-25-2023

Accrued Pgm Days....: 425

Disallowed Pgm Days.: 0

FTC Towards RRC/HC..: 0

FTC Towards Release.: 180

Apply FTC to Release: Yes

| Start | Stop | Pgm Status | Pgm Days |
|-------|------|-----------|----------|
| 08-26-2022 | 03-22-2023 | accrue | 208 |

   Accrued Pgm Days...: 208

   Carry Over Pgm Days: 0

   Time Credit Factor.: 10

   Time Credits.......: 60

| Start | Stop | Pgm Status | Pgm Days |
|-------|------|-----------|----------|
| 03-22-2023 | 10-25-2023 | accrue | 217 |

   Accrued Pgm Days...: 217

   Carry Over Pgm Days: 28

   Time Credit Factor.: 15

   Time Credits.......: 120

**--- FSA Assessment ---**

| # | Start | Stop | Status | Risk Assignment | Risk Asn Start | Factor |
|---|-------|------|--------|-----------------|----------------|--------|
| 001 | 08-26-2022 | 09-23-2022 | ACTUAL | FSA R-LW | 09-15-2022 0647 | 10 |
| 002 | 09-23-2022 | 03-22-2023 | ACTUAL | FSA R-LW | 09-15-2022 0647 | 10 |
| 003 | 03-22-2023 | 09-18-2023 | ACTUAL | FSA R-LW | 03-10-2023 0753 | 15 |
| 004 | 09-18-2023 | 03-16-2024 | ACTUAL | FSA R-LW | 08-29-2023 0946 | 15 |

Assessment# -2146011871

Assessment Date: 10-25-2023

## FSA Needs Reassessment

Register Number:73967-509, Last Name:CAMPOS-MARTINEZ

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number: 73967-509 | Responsible Facility: LOR |
| Inmate Name | Assessment Date.....: 10/04/2023 |
|   Last.........: CAMPOS-MARTINEZ | |
|   First........: RAFAEL | |
|   Middle.......: | |
|   Suffix.......: | |
| Gender.........: MALE | |

## Needs Reassessment Worksheet Summary

| Need Area | - Before/After - | Assignment - | Description |
|---|---|---|---|
| Anger/Hostility | Before | N-ANGER Y | NEED - ANGER/HOSTILITY YES |
| | After | N-ANGER Y | NEED - ANGER/HOSTILITY YES |
| Antisocial Peers | Before | N-ANTISO N | NEED - ANTISOCIAL PEERS NO |
| | After | N-ANTISO N | NEED - ANTISOCIAL PEERS NO |
| Cognitions | Before | N-COGNTV Y | NEED - COGNITIONS YES |
| | After | N-COGNTV Y | NEED - COGNITIONS YES |
| Education | Before | N-EDUC Y | NEED - EDUCATION YES |
| | After | N-EDUC Y | NEED - EDUCATION YES |
| Family/Parenting | Before | N-FM/PAR N | NEED - FAMILY/PARENTING NO |
| | After | N-FM/PAR N | NEED - FAMILY/PARENTING NO |
| Finance/Poverty | Before | N-FIN PV N | NEED - FINANCE/POVERTY NO |
| | After | N-FIN PV N | NEED - FINANCE/POVERTY NO |
| Medical | Before | N-MEDICL Y | NEED - MEDICAL YES |
| | After | N-MEDICL Y | NEED - MEDICAL YES |
| Mental Health | Before | N-M HLTH N | NEED - MENTAL HEALTH NO |
| | After | N-M HLTH N | NEED - MENTAL HEALTH NO |
| Recreation/Leisure/Fitness | Before | N-RLF N | NEED - REC/LEISURE/FITNESS NO |
| | After | N-RLF N | NEED - REC/LEISURE/FITNESS NO |
| Substance Abuse | Before | N-SUB AB Y | NEED - SUBSTANCE ABUSE YES |
| | After | N-SUB AB Y | NEED - SUBSTANCE ABUSE YES |
| Trauma | Before | N-TRAUMA Y | NEED - TRAUMA YES |
| | After | N-TRAUMA Y | NEED - TRAUMA YES |
| Work | Before | N-WORK Y | NEED - WORK YES |
| | After | N-WORK Y | NEED - WORK YES |

## FSA Recidivism Risk Assessment (PATTERN 01.03.00)

Register Number:73967-509, Last Name:CAMPOS-MARTINEZ

**U.S. DEPARTMENT OF JUSTICE**                              **FEDERAL BUREAU OF PRISONS**

Register Number: 73967-509

Inmate Name
  Last.........: CAMPOS-MARTINEZ
  First........: RAFAEL
  Middle.......:
  Suffix......:
Gender.........: MALE

Risk Level Inmate....: R-LW
  General Level......: R-LW (10)
  Violent Level......: R-LW (8)
Security Level Inmate: LOW
Security Level Facl..: LOW
Responsible Facility.: LOR
Start Incarceration..: 06/17/2022

**PATTERN Worksheet Summary**

| Item | – Value | – General Score | – Violent Score |
|---|---|---|---|
| Current Age | 36 | 21 | 12 |
| Walsh w/Conviction | FALSE | 0 | 0 |
| Violent Offense (PATTERN) | FALSE | 0 | 0 |
| Criminal History Points | 0 | 0 | 0 |
| History of Escapes | 0 | 0 | 0 |
| History of Violence | 0 | 0 | 0 |
| Education Score | NotEnrolled | 0 | 0 |
| Drug Program Status | NoNeed | -6 | -3 |
| All Incident Reports (120 Months) | 1 | 1 | 1 |
| Serious Incident Reports (120 Months) | 0 | 0 | 0 |
| Time Since Last Incident Report | 15 | 0 | 0 |
| Time Since Last Serious Incident Report | N/A | 0 | 0 |
| FRP Refuse | FALSE | 0 | 0 |
| Programs Completed | 3 | -6 | -2 |
| Work Programs | 0 | 0 | 0 |
| | | Total  10 | 8 |

**PATTERN Worksheet Details**

Item: Programs Completed, Value: 3
General Score: -6, Violent Score: -2

Risk Item Data

| Category | – Assignment | – Start | – Stop |
|---|---|---|---|
| EDC | INVESTMENT | 09/20/2022 08:02 | 09/20/2022 08:02 |
| EDC | GREATCOURS | 03/23/2023 07:30 | 03/23/2023 07:30 |
| WSP | PAR NATLC | 08/30/2023 14:54 | 08/30/2023 14:54 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Item: Work Programs, Value: 0
General Score: 0, Violent Score: 0

Risk Item Data
  No Data

Assessment# R-2146569399

ssessment Date: 10/04/2023

EXHIBIT - C



**Individualized Needs Plan - Program Review    (Inmate Copy)**

Dept. of Justice / Federal Bureau of Prisons

Plan is for inmate: CAMPOS-MARTINEZ, RAFAEL  73967-509

SEQUENCE: 02263670

Team Date: 08-30-2023

| | |
|---|---|
| Facility: LOR LORETTO FCI | Proj. Rel. Date: 01-29-2028 |
| Name: CAMPOS-MARTINEZ, RAFAEL | Proj. Rel. Mthd: FIRST STEP ACT RELEASE |
| Register No.: **73967-509** | DNA Status: MIM25432 / 02-02-2022 |
| Age: 36 | |
| Date of Birth: 12-28-1986 | |

## Detainers

| Detaining Agency | Remarks |
|---|---|
| ICE | POSSIBLE DEPORTATION TO DOMINICAN REPUBLIC |

## Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| LOR | ORD S-2 | ORDERLY/SOUTH UNIT/2ND FLOOR | 03-16-2023 |

## Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| LOR | ESL EXEMPT | ESL NEED-PERMANENTLY EXEMPT | 08-30-2022 |
| LOR | GED XN | EXEMPT GED NON-PROMOTABLE | 08-30-2022 |

## Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| LOR | | AEROBIC EXERCISE | 09-19-2023 | CURRENT |
| LOR | | BODY COMPOSITION | 09-19-2023 | CURRENT |
| LOR | | CHOLESTEROL | 09-19-2023 | CURRENT |
| LOR | | HIGH BLOOD PRESSURE | 09-19-2023 | CURRENT |
| LOR | | INTRO TO FLY FISHING | 05-05-2023 | CURRENT |
| LOR | | METABOLIC CONDITIONING | 09-19-2023 | CURRENT |
| LOR | C | YOGA CLASS FCI | 04-22-2023 | 07-07-2023 |
| LOR | C | THE GREAT COURSES DVD SERIES | 03-23-2023 | 03-30-2023 |
| LOR | C | INTRO TO MUSIC THEORY | 04-04-2023 | 04-04-2023 |
| LOR | C | INTRO TO HOBBY CRAFT | 03-10-2023 | 03-11-2023 |
| LOR | C | FCI INTRO TO HEART DISEASE | 03-03-2023 | 03-04-2023 |
| LOR | C | FCI GRIP STRENGTH | 03-08-2023 | 03-09-2023 |
| LOR | C | COVID19 AND EXERCISE | 02-16-2023 | 02-16-2023 |
| LOR | C | FCI INTRO TO HEALTHY WEIGHT | 01-23-2023 | 01-26-2023 |
| LOR | C | FCI INTRO TO HEART DISEASE | 01-20-2023 | 01-21-2023 |
| LOR | C | FCI INTRO TO OVERWEIGHT AND OB | 01-13-2023 | 01-14-2023 |
| LOR | C | FCI INTRO TO PHYSICAL ACTIVITY | 01-16-2023 | 01-19-2023 |
| LOR | C | FCI INTRO TO NAT DIABETES PREV | 01-13-2023 | 01-14-2023 |
| LOR | C | INTRO TO HOBBY CRAFT | 01-05-2023 | 01-06-2023 |
| LOR | C | UNDERSTANDING INVESTMENTS | 09-20-2022 | 12-14-2022 |
| LOR | C | INTRO TO MUSIC THEORY | 09-20-2022 | 09-20-2022 |
| LOR | C | INTRO TO FLY FISHING | 09-20-2022 | 09-20-2022 |

## Discipline History (Last 6 months)

| Hearing Date | Prohibited Acts |
|---|---|

*** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS ***

## Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1-MH | CARE1-MENTAL HEALTH | 12-22-2022 |
| CARE2 | STABLE, CHRONIC CARE | 08-12-2022 |

## Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| LOWER BUNK | LOWER BUNK REQUIRED | 09-18-2022 |
| NO PAPER | NO PAPER MEDICAL RECORD | 08-30-2022 |
| REG DUTY | NO MEDICAL RESTR–REGULAR DUTY | 08-26-2022 |

## Current Drug Assignments



**Individualized Needs Plan - Program Review** (Inmate Copy)

SEQUENCE: 02263670
Team Date: 08-30-2023

Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: CAMPOS-MARTINEZ, RAFAEL 73967-509

| Assignment | Description | Start |
|---|---|---|
| DAP DIAG S | ABUSE DIAGNOSIS PEND/SPANISH | 09-07-2023 |
| ED WAIT RS | DRUG EDUCATION WAIT-RQ SPANISH | 03-15-2023 |

## FRP Payment Plan

**Most Recent Payment Plan**

FRP Assignment:   **PART**   FINANC RESP-PARTICIPATES   Start: **09-15-2022**

Inmate Decision:   **AGREED**   **$25.00**   Frequency: **QUARTERLY**

Payments past 6 months:   **$50.00**   Obligation Balance: **$0.00**

### Financial Obligations

| No. | Type | Amount | Balance | Payable | Status | |
|---|---|---|---|---|---|---|
| 1 | ASSMT | $100.00 | $0.00 | IMMEDIATE | COMPLETEDZ | |
| | Adjustments: | | Date Added | Facl | Adjust Type | Reason | Amount |
| | | | 09-09-2023 | LOR | PAYMENT | INSIDE PMT | $25.00 |
| | | | 06-08-2023 | LOR | PAYMENT | INSIDE PMT | $25.00 |

## FRP Deposits

Trust Fund Deposits - Past 6 months:   $2,188.40      Payments commensurate ?   Y

New Payment Plan:   ** No data **

## Current FSA Assignments

| Assignment | Description | Start |
|---|---|---|
| AWARD | EBRR INCENTIVE AWARD | 08-29-2023 |
| FTC ELIG | FTC-ELIGIBLE - REVIEWED | 12-21-2022 |
| N-ANGER Y | NEED - ANGER/HOSTILITY YES | 08-29-2023 |
| N-ANTISO N | NEED - ANTISOCIAL PEERS NO | 08-29-2023 |
| N-COGNTV Y | NEED - COGNITIONS YES | 08-31-2022 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 08-29-2023 |
| N-EDUC Y | NEED - EDUCATION YES | 08-29-2023 |
| N-FIN.PV N | NEED - FINANCE/POVERTY NO | 08-29-2023 |
| N-FM/PAR N | NEED - FAMILY/PARENTING NO | 09-11-2023 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 08-29-2023 |
| N-MEDICL Y | NEED - MEDICAL YES | 08-29-2023 |
| N-RLF N | NEED - REC/LEISURE/FITNESS NO | 08-29-2023 |
| N-SUB AB Y | NEED - SUBSTANCE ABUSE YES | 08-29-2023 |
| N-TRAUMA Y | NEED - TRAUMA YES | 08-29-2023 |
| N-WORK Y | NEED - WORK YES | 08-29-2023 |
| R-LW | LOW RISK RECIDIVISM LEVEL | 08-29-2023 |

## Progress since last review

Inmate Campos-Martinez's National Six-Month deposit was $2,188.40. He has maintained clear conduct since last review in September 2022. Inmate Campos-Martinez has a detainer on file with Immigration & Customs Enforcement.

## Next Program Review Goals

Since last review in March 2023, Inmate Campos-Martinez completed FCI Grip Strength, FCI Intro to Heart Disease, Intro to Hobby Craft, Intro to Music Theory, The Great Courses DVD Series, Yoga Class, Phase One Parenting, Brain Health As you Age, Health & Wellness Lifespan, Talking with Your Doctor, and Money Smart. He is currently enrolled in Intro to Fly Fishing.

Inmate Campos-Martinez is on the waiting list for GR Basic Cognitive Skills as of 09-12-2022, Inside Out Dad as of 08-21-2023, Anger Management as of 09-12-2022, and Spanish Drug Education as of 03-15-2023. Unit Team recommends completing these programs whenever they become available.

## Long Term Goals

Inmate Campos-Martinez currently owes $25.00 towards his felony assessment fee. He is contributing $25.00 per quarter towards this obligation. Be sure to have funds available in account when payment is due in September 2023.

Unit Team recommends completing the Spanish Drug Program whenever it becomes available to you.

## RRC/HC Placement

No.



**Individualized Needs Plan - Program Review     (Inmate Copy)**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: CAMPOS-MARTINEZ, RAFAEL  73967-509

SEQUENCE: 02263670
Team Date: 08-30-2023

Criminal alien releasing to custody of ICE.

**Comments**

Sentencing District:  Southern District of Florida
Relocation District:  N/A
Emergency contact information was reviewed.
First Step Act Review Complete - Low - Eligible

```
LORBR  606.00  *       MALE CUSTODY CLASSIFICATION FORM       *      10-25-2023
PAGE 001 OF 001                                                      11:22:08
```

### (A) IDENTIFYING DATA

```
REG NO..: 73967-509            FORM DATE: 02-21-2023            ORG: LOR
NAME....: CAMPOS-MARTINEZ, RAFAEL

                                   MGTV: NONE
PUB SFTY: ALIEN                    MVED:
```

### (B) BASE SCORING

```
DETAINER: (0) NONE             SEVERITY.......: (3) MODERATE
MOS REL.: 62                   CRIM HIST SCORE: (00) 0 POINTS
ESCAPES.: (0) NONE             VIOLENCE.......: (0) NONE
VOL SURR: (0) N/A              AGE CATEGORY...: (2) 36 THROUGH 54
EDUC LEV: (2) NO VERFD HS/ NO GED  DRUG/ALC ABUSE.: (0) NEVER/>5 YEARS
```

### (C) CUSTODY SCORING

```
TIME SERVED.....: (3) 0-25%    PROG PARTICIPAT: (2) GOOD
LIVING SKILLS...: (1) AVERAGE  TYPE DISCIP RPT: (3A) 1 MOD
FREQ DISCIP RPT.: (1) 2-5      FAMILY/COMMUN..: (4) GOOD
```

--- LEVEL AND CUSTODY SUMMARY ---

| BASE | CUST | VARIANCE | SEC TOTAL | SCORED LEV | MGMT SEC LEVEL | CUSTODY | CONSIDER |
|------|------|----------|-----------|------------|----------------|---------|----------|
| +7   | +14  | 0        | +7        | LOW        | N/A            | IN      | SAME     |

```
G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```



⇔73967-509⇔
Rafael Campos-Martinez
73967-509
Federal Correctional Institution
P.O. Box 1000
Cresson, PA 16630
United States

⇔73967-509⇔
Clerk Of The Court
US Disrict Court
301 N Miami AVE
Miami, FL 33128
United States